SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AKE PETER GERHARD SVENSBORN and LISA ULRIKA NORGREN,<br><br>Petitioners,<br><br>v.<br><br>PETER D. KEISLER, Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; CONDOLEEZA RICE, Secretary of State; GOTTLIEB DUWAN, Vice Consul, United States Embassy in Stockholm, Sweeden,<br><br>Respondents. | No. C 07-5003 TEH<br><br><br><br>RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR A TRO<br><br>Date: September 28, 2007<br>Time: 1:30 p.m. |

**I.   INTRODUCTION**

Petitioners ask the Court to order Respondents to adjudicate Petitioner Norgren's application for adjustment of status. Petitioners are not entitled to such relief. The decision of a consular officer to grant or deny a visa is not subject to court review. Moreover, the United States Consulate has a rational basis for not immediately adjudicating Petitioner's application. Accordingly, the request for a temporary restraining order should be denied.

///

///

RESPONDENTS' OPPOSITION
C 07 5003 TEH                                               1

### III.    ANALYSIS

Petitioners contend that Respondents[1] have unlawfully refused to adjudicate Petitioner Norgren's visa application. Contrary to their representations, on August 16, 2007, the U.S. Consulate refused Petitioner's application, thus rendering a decision on it. See Declaration of Melanie Proctor, p. 1 ¶ 2. Although Petitioners have supplied some information in response to the Consulate's request, the information they have supplied thus far is insufficient to resolve the questions at issue and make it impossible to issue a visa. This refusal is not subject to judicial review.

It has long been acknowledged that the decision of a consular officer to grant or deny a visa is not subject to court review. See, e.g., Centeno v. Schultz, 817 F.2d 1212 (5th Cir. 1987, cert. denied, 484 U.S. 1005 (1988); Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970 (9th Cir. 1986); Ventura-Escamilla v. INS, 647 F.2d 28 (9th Cir. 1981); Rivera de Gomez v. Kissinger, 534 F.2d 518 (2d Cir.), cert. denied, 429 U.S. 987 (1976); U.S. ex rel. Ulrich v. Kellogg, 30 F.2d 984 (D.C. Cir. 1929), cert. denied, 279 U.S. 868 (1929); Romero v. Consulate of the U.S., Barranquilla, 860 F. Supp. 319 (E.D. Va. 1994); Garcia v. Baker, 765 F. Supp. 426 (N.D. Ill. 1990); Hermina Sague v. United States, 416 F. Supp. 217 (D.P.R. 1976). This well settled doctrine is supported by United States Supreme Court precedent, the legislative history of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1101 et. seq, and the terms of the statute itself.

"The Supreme Court has repeatedly affirmed that the legislative power of Congress over the admission of aliens is virtually complete." Ventura, 647 F.2d at 30 (citing Fiallo v. Bell, 430 U.S. 787, 792 (1977); Kleindienst v. Mandel, 408 U.S. 753, 766 (1972)). As Justice Harlan stated in Lem Moon Sing v. United States, 158 U.S. 538 (1895):

> The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.

---

[1] It is important to note that neither the Attorney General nor the Secretary of Homeland Security adjudicate visa applications. Such authority lies within the Department of State. 8 U.S.C. § 1104.

RESPONDENTS' OPPOSITION
C 07 5003 TEH                                2

158 U.S. at 547 (emphasis added).

The Ninth Circuit in <u>Ventura</u> stated that Justice Harlan's statement "still clearly expresses the Court's position." 647 F.2d at 30. In holding that courts have no jurisdiction to review consular visa denials, the court in <u>Ventura</u> pointed out that:

> The scope of judicial review is necessarily limited by the recognition that the power to exclude or expel aliens, as a matter affecting international relations and national security, is vested in the Executive and Legislative branches of government. <u>Fong Yue Ting v. United States</u>, 149 U.S. 698, 713 (1893) . . . As such, judicial intervention has been restricted to those matters the review of which has been 'authorized by treaty or statute, or is required by the paramount law of the Constitution.' <u>Hampton v. Mow Sun Wong</u>, 426 U.S. 88, 101 n.21 (1976).

647 F.2d at 30.

There is no statutory or other authority that authorizes judicial review of a consular officer's decision to deny a visa. Rather, the INA confers upon consular officers the authority to issue or deny a visa. 8 U.S.C. §§ 1104, 1202(b). The legislative history establishes that before the enactment of the INA, Congress considered and rejected the suggestion that the consular officer's decision be administratively or judicially reviewable:

> Consular decisions–Although many suggestions were made to the committee with a view toward creating in the Department of State a semi-judicial board, similar to the Board of Immigration Appeals, with jurisdiction to review consular decisions pertaining to the granting or refusals of visas, the committee does not feel that such body should be created by legislative enactment, nor that the power, duties and functions conferred upon consular officers by the instant bill should be made subject to review by the Secretary of State . . .

H. Rep. No. 1365, 82nd Congress, 2d Sess., 1952 U.S.C.C.A.N. 1653, 1688.

In this case, the visa application was properly refused by the consular officer because the applicant has refused to provide requested documentation. <u>See</u> Proctor Decl., pp. 1-2 ¶¶ 2-3; 8 U.S.C. § 1201(g). Until the appropriate documents are submitted by the applicant, there is no further action to be taken by the consular officer.

Cases decided under the doctrine of consular nonreviewability make clear that the Court has no jurisdiction to entertain such a request, and that Petitioners' request for relief is deficient as a matter of law. <u>See, e.g.</u>, <u>Ventura</u>, 647 F.2d at 30 (court had no jurisdiction to review consul's decision to deny immigrant visa application; <u>Rivera</u>, 534 F.2d at 519 (same): <u>Garcia</u>, 765 F. Supp. at 427 (court had no jurisdiction to review refusal of immigrant visa based on 8 U.S.C. § 1182(a)

exclusion finding); Hermina, 416 F. Supp. at 219 (same); Perales v. Casillas, 903 F.2d 1043, 1046 (5th Cir. 1990) (stating in dicta that immigrant visa applicants must establish that they will not likely become public charges and that "[t]he consular decision on the visa application is totally immune from judicial review").

As the district court noted in Romero, 860 F. Supp. at 322, "the doctrine of consular nonreviewability is essentially without exception." Thus, a consular officer's visa determination is not subject to review, even if:

– The officer allegedly failed to follow Department regulations. Burrafato v. Department of State, 523 F.2d 554 (2d Cir. 1975), cert. denied, 424 U.S. 910 (1976)).;

– The applicant challenges the validity of the regulations on which the decision was based. Ventura, 647 F.2d at 28;

– The decision was alleged to have been based on a factual or legal error or was contrary to the INA. Centeno v. Shultz, 817 F.2d 1212, 1213 (5th Cir. 1987); Loza-Bedoya v. INS, 410 F.2d 343 (9th Cir. 1969); Grullon v. Kissinger, 417 F. Supp. 337 (E.D.N.Y. 1976), aff'd without op., 559 F.2d 1203 (2d Cir. 1977);

– The applicant claims the decision is reviewable under the Administrative Procedure Act, 5 U.S.C. § 701, et. seq. Romero, 860 F. Supp. at 324, citing Haitian Refugee Center v. Baker, 953 F.2d 1498, 1507 (11th Cir. 1992), cert. denied, 502 U.S. 1122 (1992); or

– The applicant challenges the reasonableness of the determination. United States ex. rel. London v. Phelps, 22 F.2d 288, 290 (2d Cir. 1927), cert. denied, 276 U.S. 630 (1928); Hermina, 416 F. Supp. at 220-21.

See also Romero, 860 F. Supp. at 322-23 (no review of visa refusal even if procedural irregularities are alleged, such as failure to follow proper refusal notification); Garcia, 765 F. Supp. at 428 (no review of consular denial of immigrant visa even if State Department or consular officer failed to allow Attorney General's binding legal interpretation of the INA).

In a recent opinion, the District of Columbia Circuit Court of Appeals extensively defended the doctrine of non-reviewability of consular determinations regarding visa eligibility:

> In prescribing the conditions for allowing aliens to enter the country, Congress acted in accordance with the ancient principle of international law that a nation state has the inherent right to exclude or admit foreigners and to prescribe applicable terms and conditions. This firmly-established principle, dating from Roman times, received recognition during the Constitutional Convention and has continued to be an important postulate in the foreign relations of this country and other members of the international community. For more than a century, the Supreme Court has thus recognized the power to exclude aliens as " 'inherent in sovereignty, necessary for maintaining normal international relations and defending the country against foreign

encroachments and dangers-a power to be exercised exclusively by the political branches of government'" and not "granted away or restrained on behalf of anyone." The Chinese Exclusion Case, 130 U.S. 581, 609, 9 S. Ct. 623, 32 L. Ed. 1068 (1889).

These considerations underlie the Court's long-standing recognition that "any policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government. Such matters are so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." Harisiades v. Shaughnessy, 342 U.S. 580, 588-89, 72 S. Ct. 512, 96 L.Ed. 586 (1952); see also Reno v. American-Arab Comm., 525 U.S. 471, 119 S. Ct. 936, 947, 142 L. Ed.2d 940 (1999). Though it may be "error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance," Baker v. Carr, 369 U.S. 186, 211, 82 S. Ct. 691, 7 L. Ed.2d 663 (1962), it is nevertheless "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien." United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543, 70 S. Ct. 309, 94 L.Ed. 317 (1950).

Saavedra Bruno v. Albright, 197 F.3d 1153, 1158-1159 (D.C. Cir. 1999) (footnotes omitted). Plaintiffs have offered no law which would allow the Court to set aside this longstanding and well-settled principle of law.

### III. CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to dismiss both the oral request for a TRO and the Petition for lack of jurisdiction.

Dated: September 28, 2007                              Respectfully submitted,

                                                       SCOTT N. SCHOOLS
                                                       United States Attorney


                                                       _____/s/_____
                                                       MELANIE L. PROCTOR
                                                       Assistant U.S. Attorney

RESPONDENTS' OPPOSITION
C 07 5003 TEH                              5