IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AKE PETER GERHARD SVENSBORN and LISA ULRIKA NORGREN,

          Petitioners,

v.

PETER D. KEISLER, et al.,

          Respondents.

NO. C07-5003 TEH

ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

      This matter came before the Court on Friday, September 28, 2007, on Petitioners' oral request for a temporary restraining order. However, Petitioners essentially request that the Court grant their petition for a writ of mandamus, rather than asking the Court for a temporary restraining order and to set a schedule for hearing a preliminary injunction motion. *See* Civ. L.R. 65-1(c) (discussing form of temporary restraining order).

      It is undisputed that the deadline for granting Petitioners' visa application expires on September 30, 2007, and that if no visa is granted by that time, Petitioner Lisa Ulrika Norgren will be unable to receive an immigrant visa through the diversity immigration visa program. It is also undisputed that Petitioner Norgren's application was refused under section 221(g) of the United States Immigration and Nationality Act, and that such refusal

allows the applicant to submit additional information prior to a final decision on his or her visa application.

At oral argument, Respondents cited the Court to two cases, also cited in Respondents' opposition brief, for the proposition that such a refusal constitutes an unreviewable consular decision: *Romero v. Consulate of U.S.*, 860 F. Supp. 319 (E.D. Va. 1994) and *Garcia v. Baker*, 765 F. Supp. 426 (N.D. Ill. 1990).  However, neither case stands for that proposition, as neither case concerned section 221(g).  Rather than a refusal under section 221(g), which indisputably allows an applicant to submit additional information in furtherance of receiving a final decision, the refusals in both *Romero* and *Garcia* were, in fact, final decisions; in neither case were the petitioners allowed to submit additional information in support of their visa applications, nor was there any indication that the government would otherwise be further reviewing the petitioners' applications.

Accordingly, the Court rejects Respondent's argument that Petitioners' visa application has been denied such that the principle of consular non-reviewability applies. Instead, the Court finds good cause to GRANT the petition for writ of mandamus and now follows other district courts that have entered orders requiring Respondents to complete adjudication of Petitioners' visa application immediately, without delay, and by no later than September 30, 2007.  *See, e.g., Przhebelskaya v. U.S. Bureau of Citizenship & Immigration Servs.*, 338 F. Supp. 2d 399, 402 (E.D.N.Y. 2004); *Paunescu v. I.N.S.*, 76 F. Supp. 2d 896, 898 (N.D. Ill. 1999).  If, as seems likely, Respondents cannot finally adjudicate the application by that date, then this order is sufficient to allow processing of the application beyond the September 30, 2007 deadline because a "court has inherent power to have its orders followed."  *Gebre v. Rice*, 462 F. Supp. 2d 186, 190 (D. Mass. 2006) (citing *United States v. Hudson*, 11 U.S. 32, 34 (1812)).

The Court recognizes that its decision is based on papers and oral arguments that have been quickly assembled by both Petitioners and Respondents.  Consequently, the Court invites further briefing on the request for mandamus relief and will vacate its order if, after more complete briefing, it finds that Respondents have the superior position.  Assuming

2

Respondents continue to oppose the petition, they shall file a supplemental opposition on or before **October 15, 2007.** Petitioners may then file a reply by **October 22, 2007,** and a further hearing on this matter will be held by the Court on **November 5, 2007, at 10:00 AM.** If Respondents no longer wish to oppose the petition, the parties shall immediately file a stipulation of dismissal.

**IT IS SO ORDERED.**

Dated: 09/28/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT