SCOTT N. SCHOOLS, SC 99990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE PROCTOR, CSBN 228971
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6730; FAX: (415) 436-6927

PETER D. KEISLER
United States Department of Justice
Acting Attorney General
ELIZABETH J. STEVENS, VSBN 47445
Senior Litigation Counsel
Office of Immigration Litigation
CHRISTOPHER W. HOLLIS, ILBN 6283101
Trial Attorney

    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1246; FAX: (202) 233-0397
    Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| AKE PETER GERHARD SVENSBORN and LISA ULRIKA NORGREN,<br><br>    Petitioners,<br><br>v.<br><br>PETER D. KEISLER, Acting Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; CONDOLEEZZA RICE, Secretary of State; GOTTLIEB DUWAN, Vice Consul, United States Embassy in Stockholm, Sweden,<br><br>    Respondents. | No. C 07-5003 TEH<br><br>RESPONDENTS' SUPPLEMENTAL OPPOSITION TO PETITION FOR WRIT OF MANDAMUS<br><br>Date: November 5, 2007<br>Time: 10:00 a.m. |

SUPPLEMENTAL OPPOSITION
C 07-5003 TEH

Respondents Peter D. Keisler,[1] Michael Chertoff, Condoleezza Rice, and Gottlieb Duwan (collectively "Respondents" or "Government"), by and through their undersigned counsel, respectfully move this Court for an Order vacating the Court's Order Granting Petition for Writ of Mandamus and dismissing Petitioners' claim because the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Respondents further move this Court to dismiss Peter D. Keisler and Michael Chertoff as Respondents because the Petition fails to allege any wrongdoing on their behalf or any action over which either Respondent has authority to grant the relief requested.

## I. BACKGROUND

### A.  Consular Adjudication of Visa Applications

Under section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, an alien physically present in the United States may adjust his status to that of lawful permanent resident ("LPR") if the alien applies for such an adjustment, is eligible for a visa, and if a visa is available to him at the time he files his application. 8 U.S.C. § 1255(a). Aliens not physically present in the United States seeking LPR status must apply for an immigrant visa at a U.S. Embassy or consulate.

Although there is no statutory authority eliminating judicial review of a consular officer's discretionary decision to deny a visa, the doctrine of consular nonreviewability prohibits court review of consular officer decisions to deny (or grant) a visa. *See Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986); *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981). When a visa application has been properly completed and executed before a consular officer, State Department regulations place on the consular office a nondiscretionary duty to either issue or refuse the visa. *See* 22 C.F.R. § 42.81(a). Citing this regulation, the Ninth Circuit stated that a court can grant mandamus relief and may order a consular officer to adjudicate a visa application but recognized that the Court did not have the authority to compel the consular

---

[1] Peter D. Keisler, Acting Attorney General, is substituted for Alberto Gonzalez as Respondent.

officer to either issue or deny the visa. *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997). 22 C.F.R. § 42.81(a) states that proper refusal of an immigrant visa is under either INA § 212(a), 8 U.S.C. § 1182(a) or INA § 221(g), 8 U.S.C. § 1201(g), or other applicable law.

**B.    Facts of the Case**

Petitioner Svensborn was one of the individuals whose applications were selected in the Diversity Visa Lottery Program ("DV") for fiscal year 2007, and he was notified of that selection in May 2006. Petition at 6. Petitioner Svensborn and Petitioner Norgren married in Las Vegas in September 2006. *Id*. Applicants qualifying for a visa through the DV remain eligible to receive such a visa only through the end of the specific fiscal year for which they were selected. 8 U.S.C. § 1154(a)(1)(I)(ii)(II); *see also* 22 C.F.R. § 42.33(a)(1). Petitioner Svensborn remained in the United States and filed an application to adjust his status to that of an LPR. Petition at 6. His application for LPR status was granted by the United States Citizenship and Immigration Services on May 10, 2007. *Id*. at 7.

Because Petitioner Norgren was not in the United States on a visa that would allow her to adjust status, she returned to Sweden. *Id*. at 6. Her application for immigrant status as a derivative beneficiary was forwarded to the consular section of the U.S. Embassy in Sweden. *Id*. at 6-7. On August 16, 2007, Petitioner Norgren attended an interview at the embassy, where the consular officer was not satisfied that Petitioner Norgren was eligible for the requested visa and issued a formal denial of the application under 8 U.S.C. 1201(g). *See* Petition at 7; Declaration of Melanie Proctor, ¶ 2-3. The consular officer informed Petitioner Norgren that she might be able to overcome the denial by providing additional documentation, and the consular officer later requested interviews with Petitioner Norgren's parents and Petitioner Svensborn. Petition at 7; Attachments to Petition. As late as the second week of September, Petitioners failed to have Petitioner Norgren's parents contact the consular section or provide phone numbers at which they could be reached -- information the consular officer had explicitly previously requested. *See* Attachments to Petition. To date, the consular officer has not been satisfied that Petitioner Norgren has overcome the denial of her application for an immigrant visa; *i.e.*, that she has

established her eligibility to receive an immigrant visa. Petition at 7; *see also* 8 U.S.C. § 1201(g).

## II. ARGUMENT

**A.   The Court Should Dismiss The Entire Petition Because The Court Lacks Subject Matter Jurisdiction.**

Petitioners have the burden of establishing the jurisdiction of this Court. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that a federal court is presumed to lack subject matter jurisdiction until the pleader proves otherwise). Even where the pleadings are technically sufficient to establish some jurisdictional basis, a Rule 12(b)(1) motion may also allege that there is an actual lack of jurisdiction. *See, e.g.*, *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A motion to dismiss under Rule 12 therefore is appropriate because Respondents challenge the jurisdiction of the Court.

Petitioners assert jurisdiction under 28 U.S.C. §§ 1361, 2201, and 1331. However, neither the Mandamus Act (28 U.S.C. § 1361) nor the Declaratory Judgment Act (28 U.S.C. § 2201) create independent bases for district court jurisdiction. Rather, they are tools provided as remedies. If a court does not have jurisdiction under another statute, it lacks jurisdiction to issue a writ of mandamus to resolve a plaintiff's claim. *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 459 n.18 (9th Cir. 1977). Likewise, the Declaratory Judgment Act provides a discretionary procedural remedy but does not confer or otherwise expand jurisdiction to hear a claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *see also Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Petitioner asserts that the Court has jurisdiction under 28 U.S.C. § 1331, the federal question statute. Under this statute, a federal court has subject matter jurisdiction where (1) the claim turns on an interpretation of the laws or Constitution of the United States, and (2) the claim is not "patently without merit." *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005). Here, the Petition fails on the second prong. As discussed above, the decision on whether to grant or deny a visa application is wholly discretionary and thus not subject to judicial review.

*See* 8 U.S.C. § 1255(a).  Furthermore, a final decision has already been rendered on Petitioner Norgren's application.  Accordingly, Petitioners' claim is without merit, and the Petition should be dismissed for lack of subject matter jurisdiction.

**B.    The Consular Officer's Action Is A Final Decision On Petitioner Norgren's Visa Application**.

The Constitution limits this Court's jurisdiction to the adjudication of actual cases and controversies.  U.S. Const. Art. III, § 2; *DeFunis v. Odegaard*, 416 U.S. 312, 315-16 (1974).  A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  If developments occur during the course of adjudication that prevent a court from being able to grant the requested relief, the case must be dismissed as moot.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

In this case, Respondents respectfully submit that the Court erred in determining that a final decision had not been made on Petitioner Norgren's visa application.  When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and implementing regulations, the regulations require a consular officer who intends to deny the application to do so under INA § 212(a), 8 U.S.C. § 1182(a) or INA § 221(g), 8 U.S.C. § 1201(g).  *See* 22 C.F.R. § 42.81(a).  Many visa denials, whether under INA § 212(a), 8 U.S.C. § 1182(a) or INA § 221(g), 8 U.S.C. § 1201(g), may be "overcome" by presentation of additional documents.  *See* 22 C.F.R. § 42.81(a).  For instance, individuals may provide additional financial documents to overcome a denial under the public charge provision of INA § 212(a)(4), 8 U.S.C. § 1182(a)(4).  The ability to overcome a visa denial does not lessen the finality of the denial.[2]  *See* 22 C.F.R. § 42.81(e).

---

[2]  The *Patel* Court found that a denial under INA § 221(g) was not a final decision because the decision letter was not presented on a "form prescribed by the Department," did not state the statutory provisions under which administrative relief was available to the applicants, and the consular officer's action could not have constituted a final decision since the consulate admitted it was holding the applications in abeyance and had been doing so for at least eight years.  *See Patel v. Reno*, 134 F.3d at 932.  The regulations at 8 C.F.R. § 42.81 no longer allow the actions that occurred in the *Patel* case.  *See* 66 Fed. Reg. 10364 (Feb. 15, 2001).

SUPPLEMENTAL OPPOSITION
C 07-5003 TEH                                        5

Here, consular officer Duwan denied Petitioner Norgren's visa application under INA § 221(g), 8 U.S.C. § 1201(g). Section 221(g) of the INA states that, "No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer. . . that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law." INA § 221(g), 8 U.S.C. § 1201(g). Because the consular officer denied the immigrant visa application under INA § 221(g), 8 U.S.C. § 1201(g), in accordance with 22 C.F.R. § 42.81(a), Petitioners' claims are now moot and should be dismissed for lack of subject matter jurisdiction.

**C.     The Court Lacks Jurisdiction Over Denial Of The Visa Application**.

In addition to lack of subject matter jurisdiction due to mootness, the Court also lacks subject matter jurisdiction over the decision to deny the visa. Consular officers possess authority to issue or deny visas. 8 U.S.C. §§ 1104, 1202(b). Under the doctrine of consular nonreviewability, consular officer visa decisions are not subject to judicial review. *See Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970 (9th Cir. 1987); *Ventura-Escamilla v. INS*, 647 F.2d 28 (9th Cir. 1981); *Rivera de Gomez v. Kissinger*, 534 F.2d 518 (2d Cir. 1976) (*per curiam*), cert. denied, 429 U.S. 897 (1976); *Centeno v. Schultz*, 817 F.2d 1212 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988); *U.S. ex rel. Ulrich v. Kellogg*, 30 F.2d 984 (D.C. Cir. 1929), cert. denied, 279 U.S. 868 (1929).

The Ninth Circuit has repeatedly refrained from ordering action in visa matters when consular officials performing duties within their discretion have merely issued decisions unfavorable to visa applicants or delayed visa application processing. *See Nwansi v. Rice*, No. C 06-0003, 2006 WL 2032578 (N.D. Cal. Jul. 18, 2006) (deferring to doctrine of consular nonreviewability in refusal to review consular officer decision denying visa issuance); *Lavelle v. U.S. Dept. of Homeland Security*, No. C 04-0524, 2004 WL 1975935 (N.D. Cal. Sept. 7, 2004) (dismissing case as moot after refusing to apply equitable tolling to the fiscal year deadline attendant with the Diversity Visa Lottery program when applicant petitioned for writ of mandamus following close of fiscal year).

Thus, Petitioners' claim should be dismissed because the Court lacks subject matter jurisdiction in light of the final decision issued by the consular officer and the doctrine of consular nonreviewability applicable to such decisions.

**D.    Mandamus Does Not Lie Because Respondents Owe No Duty To Petitioner Norgren.**

The Court also lacks jurisdiction to grant the requested mandamus relief. District courts may grant mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Mandamus is an extraordinary remedy available to compel a federal official to perform a duty owed to an individual only if (I) the individual's claim is clear and certain; (ii) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (iii) no other adequate remedy is available. *See Patel*, 134 F.3d at 931 (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986), cert. denied, 483 U.S. 1021 (1987)).

Petitioners assert that the Court has jurisdiction under 28 U.S.C. § 1361 to issue a writ of mandamus ordering that the "Immigration Service" accept and adjudicate Petitioners' application for adjustment of status, and that it approve Petitioners' application for adjustment of status.[3] Mandamus is not an appropriate remedy for Petitioners' claim, however.

Here, the duty Petitioners seek to compel is a discretionary duty – the grant of Petitioner Norgren's immigrant visa application. Petitioners claim therefore fails the second prong of the standard for issuance of a writ of mandamus for two reasons. First, the official in question has performed the sort of nondiscretionary duty which 28 U.S.C. § 1361 is designed to compel–issuance of a final decision on Petitioner Norgren's visa application, as the consular officer denied the visa pursuant to INA § 221(g), 8 U.S.C. § 1201(g) in accordance with 22 C.F.R. § 42.81(a). Second, mandamus under 28 U.S.C. § 1361 is a remedial tool designed to compel the performance of a federal official's non-discretionary duties. While it was

---

[3] Respondents presume Petitioners request approval of their visa application, rather than approval of their "application for adjustment of status" as stated in the Petition. Adjustment of status is a benefit available only to those currently physically present in the United States. *See* INA § 245(a), 8 U.S.C. § 1255(a).

unquestionably the nondiscretionary duty of the consular officer to adjudicate Petitioner Norgren's visa application upon execution of the application, it was certainly not the duty of the consular officer to adjudicate her visa application in a manner favorable to Petitioners. The decision whether to issue Petitioner Norgren a visa was within the consular officer's sole discretion. *See* 8 U.S.C. §§ 1101(a)(9), (16); 1201(a).

Petitioners seek through mandamus a remedy that only the consular officer can provide and a remedy that is not owed to Petitioners. Mandamus jurisdiction thus does not lie and Petitioners' claim therefore should be dismissed for lack of subject matter jurisdiction.

**E.    The Court's Order Improperly Tolls The Statutory Deadline.**

Applicants qualifying for a visa through the DV remain eligible to receive such a visa only through the end of the specific fiscal year for which they were selected. *See* 8 U.S.C. § 1154(a)(1)(I)(ii)(II); *see also* 22 C.F.R. § 42.33(a)(1). Courts have strictly construed the statutory one-year eligibility period against DV applicants once the fiscal year closes. *See Carillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003); *Mohamed v. Gonzales*, 436 F.3d 79, 81 (2d Cir. 2006); *Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 388 (7th Cir. 2003); *Nyaga v. Ashcroft*, 323 F.3d 906, 914 (11th Cir. 2003).

Controlling precedent states that courts may not apply equitable tolling to the statutory DV deadline. *See Carillo-Gonzalez*, 353 F.3d at 1079. In *Carillo-Gonzalez*, the court noted the impropriety of applying equitable tolling to the statutory deadline when the plaintiff claimed she was defrauded by a notary during the process of completing an adjustment application. *Id*. at 1079. Specifically, the Ninth Circuit declared, "[w]e hold that the doctrine of equitable tolling has no application in cases involving the Congressionally-mandated, one-year deadline of the DV Lottery Program." *Id*. Thus, the Court cannot toll the deadline set by Congress.

Although other courts in the DV context have ordered the specific relief of applicant visa adjudication after the statutory deadline passed without adjudication of applicants' visa applications, courts issued those orders with the reasonable expectation that they would be executed prior to the expiration of the statutory time frame. *See Przhebelskaya v. U.S. Bureau of Citizenship and Immigration Services*, 338 F. Supp. 2d 399 (E.D.N.Y. 2004); *Paunescu v. INS*,

SUPPLEMENTAL OPPOSITION
C 07-5003 TEH                                8

76 F. Supp. 2d 896 (N.D. Ill. 1999). On the other hand, it is respectfully submitted that the Court in the instant matter -- based on the time it issued the Order and by virtue of the Order's clear language -- recognized the impossibility that Petitioner Norgren's visa application could be adjudicated before the DV deadline.

A review of the relevant dates in *Przhebelskaya* and *Paunescu* is revealing. In *Przhebelskaya*, petitioners filed for mandamus on July 8th and the Order issued on September 24th, with four business days remaining in the fiscal year. *See Przhebelskaya*, 338 F. Supp. 2d at 399. In *Paunescu*, petitioners filed for mandamus on September 23rd and the Order issued on September 25th with four business days again remaining in the fiscal year. *See Paunescu*, 76 F. Supp. 2d at 896. In the instant matter, however, Petitioners filed for mandamus on September 27, 2007, and the Order issued on September 28th at 4:10 p.m. Pacific Time. By that hour, the Embassy in Sweden, along with its consular section, had already closed for the weekend, and the fiscal year ended on Sunday, September 30, 2007, before the work week commenced in Stockholm. In acting in such a manner, the Court issued an Order that is the equivalent of equitably tolling the statutory DV deadline.[4]

Accordingly, the Court's knowing extension of the statutory deadline for the Petitioners' explicit benefit inappropriately equitably tolls that deadline. Because equitable tolling of the statutory deadline is contrary to controlling precedent, the Court should vacate its Order and dismiss Petitioners' claim.

---

[4] Despite a final decision issued to Petitioners on August 16, 2007, giving INA § 221(g), 8 U.S.C. § 1201(g) as the denial basis and notifying Petitioners that any attempt to overcome that denial would require, at a minimum, the submission of additional documentation and information, Petitioners' requested relief came at a time that was not only impossibly close to the statutory fiscal year deadline but also with no acknowledgment of Petitioners' own role in delaying processing of their visa application. Petitioners' delays and failures to timely provide specific information requested by the consular officer contributed to the time necessary to processing Petitioner Norgren's attempts to overcome her visa denial. *See* Attachments to Petition.

**F.   The Court Must Dismiss Respondents Keisler and Chertoff.**

Should the Court determine that it has subject matter jurisdiction over any of the claims raised in the Petition, the Court should dismiss Respondents Peter Keisler and Michael Chertoff as improperly named. The sole allegations of wrongdoing raised in the Petition regard the conduct of Consular Officer Duwan. As Petitioner Norgren is not applying for adjustment of status within the United States (over which DHS would have jurisdiction), and Petitioner Svensborn was <u>granted</u> adjustment of status, there are no allegations in the Petition of wrongdoing based upon actions of either the Department of Justice or the Department of Homeland Security. *See* Petition; *see also* 8 U.S.C. §§ 1101(a)(9), (16); 1201(a). Moreover, neither Mr. Keisler nor Mr. Chertoff has supervisory or agency control over the actions of Mr. Duwan. Accordingly, the Court should dismiss Mr. Keisler and Mr. Chertoff as Respondents in this action.

### III. CONCLUSION

The Court's Order Granting Petition for Writ of Mandamus should be vacated and Petitioners' claims dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

| | |
|---|---|
| SCOTT N. SCHOOLS<br>United States Attorney | PETER D. KEISLER<br>United States Department of Justice<br>Assistant Attorney General, Civil Division |
| JOANN M. SWANSON<br>Assistant United States Attorney<br>Chief, Civil Division | ELIZABETH J. STEVENS<br>Senior Litigation Counsel<br>Office of Immigration Litigation |
| MELANIE PROCTOR<br>Assistant United States Attorney | CHRISTOPHER W. HOLLIS<br>Trial Attorney |

Dated: October 15, 2007            By:       /s/
                                        ELIZABETH J. STEVENS

**CERTIFICATE OF SERVICE**

Case No. C-07-5003-TEH

     I hereby certify that on this 15th day of October 2007, one copy of the foregoing Supplemental Opposition to Petition for Writ of Mandamus was served on counsel for Petitioners via the district court ECF system which will send notification of such filing to the following ECF filers:

Emmanuel Enyinwa
Enyinwalaw@sbcglobal.net
Melanie Proctor
Melanie.Proctor@usdoj.gov
United States Attorney's Office
Elizabeth J. Stevens
Elizabeth.Stevens@usdoj.gov
Department of Justice, Office of Immigration Litigation

    /s/
ELIZABETH J. STEVENS
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878, Ben Franklin Station
Washington, D.C. 20044